### PALMER *v.* CULBERTSON *et al.*

(*Supreme Court, General Term, Fifth Department.* October 21, 1892.)

ADVANCEMENTS—QUESTION OF FACT.

Whether or not a conveyance by a decedent, in his lifetime, to the wife of his son, was an advancement, is a question of fact on all the evidence.

Appeal from judgment on report of referee.

Action by Frederick Palmer against Mary L. Culbertson and others. From a judgment entered in Livingston county, dismissing the complaint, plaintiff appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*E. P. Coyne,* for appellant.   *L. O. Reed,* for respondents.

DWIGHT, P. J. The action was in partition between the four heirs at law of one Augustus Palmer, deceased, for the division of the real estate, consisting of 159 acres of land, of which he died seised. The facts necessary to the maintenance of the action, in the first instance, were all admitted. It was also admitted that about four years before his death, the deceased conveyed to the defendant Hattie A. Palmer, the wife of the plaintiff, who was a son of the deceased, a piece of land of 59 acres, being a part of 218 acres, which he then owned and occupied as one farm, the remainder of which was the 159 acres of which he died seised. Of the 59 acres, 3 acres were conveyed to the grantee absolutely, and the remaining 56 acres subject to the use and occupation of the grantor during his life. The only question in the case is one of pure fact, and is presented by the answer, to the effect that the 59 acres were conveyed, as above, to the wife of the plaintiff, upon the understanding and agreement between the grantor, the grantee, and the plaintiff, that such conveyance to the wife of the latter should be accepted by him as an advancement, and by way of satisfaction and extinguishment of any claim to or interest in his father's estate which in any event he might have as one of his heirs at law; and that such conveyance was so made by the deceased and accepted by the plaintiff and his wife, and for no other consideration than the agreement above mentioned. The learned and careful referee found the fact in accordance with this allegation of the answer, and thereupon based his conclusion of law, to the effect that the plaintiff, at the time of the commencement of the action, had no title to or interest in any portion of the 159 acres of land, and therefore that his complaint should be dismissed. The attempt to point out a variance or discrepancy between the allegation of the answer and the finding of the referee is mere verbal criticism; the two are in essential accord. A careful review of the testimony leads us to the same conclusion with the referee upon the question of fact, and the conclusion of law and dismissal of the complaint necessarily follow. The judgment appealed from must be affirmed.

Judgment appealed from affirmed, with costs. All concur.